**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

LISA S.,[1]

               Plaintiff,

v.

FRANK J. BISIGNANO, Commissioner of Social Security,[2]

               Defendant.

Case No.: 3:22-cv-01644-VET

**ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)**

**[ECF No. 19]**

Before the Court is Plaintiff's counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("Motion"). ECF No. 19. Plaintiff's counsel, Steven G. Rosales ("Counsel"), moves for attorney's fees in the amount of $11,500, with a credit to Plaintiff Lisa S. ("Plaintiff") for the Equal Access to Justice Act ("EAJA") fees previously paid to the Law Offices of Lawrence D. Rohlfing, Inc., CPC ("Counsel's Firm") in the amount of $1,500. *Id.* at 1. Defendant Commissioner of Social Security ("Agency" or "Commissioner") filed a response ("Response"). ECF No. 20. Having considered the parties' filings, applicable law, and the record before it, and for the reasons discussed below, the Court **GRANTS** the Motion.

---

[1] Partially redacted in compliance with Civil Local Rule 7.1(e)(6)(b).
[2] Frank J. Bisignano, Commissioner of the Social Security Administration, is automatically substituted for Kilolo Kijakazi pursuant to Fed. R. Civ. P. 25(d).

1

## I.    BACKGROUND

On October 24, 2022, Plaintiff filed the Complaint seeking judicial review of the Commissioner's final decision denying disability insurance benefits. ECF No. 1. Prior to the filing of the Complaint, Plaintiff and Counsel entered into a Social Security Representation Agreement ("Fee Agreement"). ECF No. 19-1. Therein, the parties agreed that Counsel's fee for successful prosecution of this action would be "25% of the past-due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court." ECF 19-1 at ¶ 4.

On March 13, 2023, pursuant to sentence four of 42 U.S.C. § 405(g), the parties jointly moved to remand this action to the Agency for further administrative proceedings. ECF No. 15. On the same day, the Court granted the parties' request, remanded the action, and ordered that judgment be entered in favor of Plaintiff. ECF No. 16. On June 12, 2023, based on a joint motion, the Court awarded Plaintiff $1,500 in attorney's fees as authorized by EAJA. ECF Nos. 17–18. On remand, the Commissioner issued a favorable decision and found Plaintiff disabled as of October 20, 2014. ECF No. 19-2 at 11. In a subsequent Notice of Award, the Commissioner awarded Plaintiff $90,471 in past-due benefits and withheld $22,617.75 of the past-due benefits for attorney's fees. ECF No. 19-3 at 2–3.

Counsel now moves for (i) attorney's fees in the amount of $11,500 pursuant to 42 U.S.C. § 406(b) and (ii) an order directing Counsel's Firm to reimburse Plaintiff $1,500 for the EAJA fees previously awarded. ECF No. 19 at 5. Counsel's Firm expended a total of 7.5 hours, which includes 4.7 hours by Counsel and 2.8 hours by two paralegals, for an effective hourly rate of $1,533.33.[3] ECF Nos. 19 at 7, 19-4. The requested fee represents 12.71%[4] of Plaintiff's past-due benefits (less than the 25% agreed upon in the Fee

---

[3]    The effective hourly rate was calculated by dividing $11,500 by 7.5 total hours.

[4]    Counsel states he is seeking 50.8% of Plaintiff's "past[-]due benefits." *See* ECF No. 19 at 6. This appears to be an error as $11,500 divided by Plaintiff's past-due benefits of $90,471 equates to 12.71%. The requested $11,500 attorney's fees is 50.8% of the

Agreement). In support of his request, Counsel submits the Fee Agreement, the Agency's Notice of Decision and Notice of Award, dated April 12, 2024 and May 6, 2025, respectively (ECF Nos. 19-2, 19-3), Counsel's billing statements (ECF No. 19-4), Fiscal Year 2023 Disability Decision Data (ECF No. 19-5), and the U.S. Consumer Law Attorney Fee Survey Report 2017–2018 (ECF No. 19-6). Counsel argues, in part, that an award of $11,500 is reasonable compared to the Commissioner's withholding of $22,617.75 and fee awards in other cases, and given the results achieved. ECF No. 19 at 5–12.

On July 3, 2025, the Commissioner responded that it "neither supports nor opposes Counsel's request for attorney's fees under 42 U.S.C. § 406(b)," but requests that the Court direct Counsel to reimburse any fees previously received under EAJA. ECF No. 20 at 3. The Commissioner notes that Counsel worked 4.7 hours representing Plaintiff in this action. *Id.* at 2. As such, per the Commissioner, attorney's fees in the amount of $11,500 divided by 4.7 hours of work by Counsel would result in a reimbursement rate of $2,446.80 per hour worked by Counsel. *Id.* Plaintiff did not respond to the Motion and nothing in the record indicates that Plaintiff opposes the fee request. *See generally* ECF.

## II.    <u>LEGAL STANDARD</u>

Pursuant to the Social Security Act, "[w]henever a court renders a judgment favorable to a claimant . . . , who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). In contrast to an EAJA award, which is paid by the government to the claimant, an award under Section 406(b) "allows the claimant's attorney to collect his or her fee out of the claimant's past-due disability benefits." *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991). Moreover, attorneys may receive fees under both EAJA and Section 406(b) but must refund to the

---

amount withheld by the Commissioner for fees, *i.e.*, $22,617.75, not Plaintiff's total past-due benefits, *i.e.*, $90,471. *See* ECF Nos. 19 at 5, 19-3 at 3.

claimant the amount of the smaller fee. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002); *Parrish v. Comm'r Soc. Sec. Admin.*, 698 F.3d 1215, 1218 (9th Cir. 2012).

Fee determinations begin by "looking first to the contingent-fee agreement, then testing it for reasonableness." *See Gisbrecht,* 535 U.S. at 807–808 (concluding that Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court," but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases"); *see also Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009). As such, the 25% statutory maximum fee is not an automatic entitlement, and "[w]ithin the 25 percent boundary . . . , the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht,* 535 U.S. at 807. In evaluating the reasonableness of an attorney's fees request, courts should consider "the character of the representation and the results the representative achieved." *Id.* at 808. As part of this evaluation, the court may "properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case," *i.e.*, the requested fees are excessively large in relation to the benefits achieved. *Crawford*, 586 F.3d at 1151 (noting there is no definitive list of factors to consider when determining whether a fee is reasonable). Further, as evidence of reasonableness, the court may require counsel to submit a record of hours spent and a statement of normal billing charges. *Id.*

## III.    **DISCUSSION**

Based on the reasonableness test articulated in *Gisbrecht* and *Crawford*, and review of the information submitted in support of the Motion, the Court finds that Counsel's request for $11,500 in attorney's fees is reasonable.

Beginning with the operative fee agreement, Plaintiff agreed to a fee of 25% of past-due benefits following reversal of any unfavorable ALJ decision. ECF No. 19-1. Because the Court reversed the Commissioner's unfavorable decision, *see* ECF No. 16, this fee provision is both applicable and within the statutory limit. *See* 42 U.S.C. § 406(b)(1)(A).

3:22-cv-01644-VET

Nevertheless, Counsel voluntarily reduced his fee and seeks $11,500 in attorney's fees, representing 12.71% of Plaintiff's total past-due benefits. ECF No. 19 at 1. This amount is also well below the 25% statutory ceiling.

Turning next to the character of the representation, there is no evidence in the record of Counsel providing substandard performance. On the contrary, Counsel's Firm expended a total of 7.5 hours reviewing Plaintiff's "file," drafting the Complaint, communicating with Plaintiff, communicating with Agency counsel, and preparing the petition for EAJA fees. *See* ECF No. 19-4. Within those 7.5 hours, Counsel was able to negotiate a remand and secure reversal of the Commissioner's decision, ultimately resulting in an award of $90,471 in past-due benefits, plus $1,245 in ongoing monthly disability benefits. *See* 19-3 at 1–2. This is a substantial award and significant benefits for Plaintiff.

Also, there is no evidence of delay or dilatory conduct by Counsel. Within five months of Plaintiff initiating suit, and before the Agency answered the Complaint, the parties sought remand and the Court reversed the Commissioner's decision. ECF Nos. 1, 15–16. Although the parties requested a 60-day extension for the Commissioner to answer, the extension was to accommodate the Commissioner, who needed additional time to prepare the administrative record. ECF No. 13-1. Notably, it appears that during this time frame Counsel was actively working with the Agency to secure a remand as the parties *jointly* sought remand and did so within 13 days of the Commissioner's *initial* deadline (February 28, 2023) to answer. *See* ECF Nos. 13–15, 19-4.

The Court further recognizes that a fee request for $11,500 based on 7.5 hours of work reflects an effective hourly rate of $1,533.33. ECF Nos. 19 at 5, 19-4. This figure, however, is consistent with fees awarded in several cases in this District, with hourly rates ranging from $1,438 to $1,990. *See, e.g., Luzette B. v. King*, No. 23cv483-MSB, 2025 U.S. Dist. LEXIS 19011, at *7 (S.D. Cal. Feb. 3, 2025) (awarding fees representing 20.52% of plaintiff's past-due benefits for an effective hourly rate of $1,573.03 where counsel spent 7.4 hours and the paralegal spent 1.5 hours on plaintiff's case); *Habibullah A. v. Colvin*, No. 20cv1971-AGS, 2025 U.S. Dist. LEXIS 14261, at *3 (S.D. Cal. Jan. 27, 2025)

(awarding fees representing 23% of plaintiff's past-due benefits for an effective hourly rate of $1,707.31 where counsel spent 20.5 hours and the paralegal spent 2.6 hours on plaintiff's case); *Watkins v. O'Malley*, No. 21cv101-BLM, 2024 U.S. Dist. LEXIS 93524, at *6–8 (S.D. Cal. May 24, 2024) (awarding fees representing 25% of plaintiff's past-due benefits for an effective hourly rate of $1,566 for a combined 20 hours spent by the attorney and paralegal on plaintiff's case); *Roland S. v. Kijakazi*, No. 20cv01068-AHG, 2023 U.S. Dist. LEXIS 189176, at *9 (S.D. Cal. Oct. 20, 2023) (awarding fees representing 15.54% of plaintiff's past-due benefits for an effective hourly rate of $1,438.35 where counsel spent 5.36 hours and the paralegal spent 3.4 hours on plaintiff's case); *Reddick v. Berryhill*, No. 16-CV-29-BTM-BLM, 2019 U.S. Dist. LEXIS 91736, at *5–6 (S.D. Cal. May 30, 2019) (on reconsideration, awarding fees representing 19.45% of plaintiff's past-due benefits for an effective hourly rate of $1,990.74 where counsel spent 18.2 hours and the paralegal spent 3.4 hours on plaintiff's case).

Moreover, the Court notes that Counsel agreed to the representation on a contingency fee basis, when Plaintiff already had an unfavorable ruling from the Administrative Law Judge. As such, Counsel assumed a substantial risk of not recovering any attorney's fees. *See Ayersman v. Berryhill*, No. 17-cv-1121-WQH-JMA, 2021 U.S. Dist. LEXIS 1253, at *6–7 (S.D. Cal. Jan. 5, 2021) (recognizing "there runs a substantial risk of loss" with contingency contracts). Having achieved an excellent outcome for Plaintiff, the Court will not penalize Counsel for his efficiency in this action. *Id.* at *6–7 ("Courts are loathe to penalize experienced counsel for efficient representation under contingency agreements, particularly in the social security context.").

In sum, the Court sees no basis to reduce the fee award requested. As to the EAJA fees, Counsel may not keep attorney's fees awarded under both EAJA and Section 406(b). Accordingly, Counsel's Firm shall refund the smaller fee to Plaintiff. *Gisbrecht*, 535 U.S. at 796.

/ / /

/ / /

6

3:22-cv-01644-VET

## IV.    CONCLUSION

For the reasons set forth above, the Court **GRANTS** the Motion (ECF No. 19) and awards the Law Offices of Lawrence D. Rohlfing, Inc., CPC attorney's fees in the amount of $11,500. The Court further **ORDERS** the Law Offices of Lawrence D. Rohlfing, Inc., CPC to reimburse Plaintiff the amount of $1,500 for the EAJA fees previously awarded by this Court.

**IT IS SO ORDERED**.

Dated: January 29, 2026

_____
Honorable Valerie E. Torres
United States Magistrate Judge

7

3:22-cv-01644-VET